IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE MANUEL LARA,  )<br>  )<br>Plaintiff(s),  )<br>  )<br>v.  )<br>  )<br>CITY OF SANTA CLARA POLICE  )<br>DEPARTMENT, et al.,  )<br>  )<br>Defendant(s).  )<br>_____ ) | No. C 07-2608 CRB (PR)<br><br>ORDER OF SERVICE |

Plaintiff, a prisoner currently incarcerated at Avenal State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 seeking damages for allegedly unconstitutional arrest, criminal prosecution and conviction. Among other things, plaintiff alleges that Santa Clara County prosecutors falsely charged him and prevented him from obtaining a fair trial, and that his public defenders were constitutionally ineffective. Plaintiff also alleges that City of Santa Clara police officers Roy Gutierrez and Shawn Wynn used excessive and unnecessary force during the course of arresting him.

## DISCUSSION

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint
2  "is frivolous, malicious, or fails to state a claim upon which relief may be
3  granted," or "seeks monetary relief from a defendant who is immune from such
4  relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.
5  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6  　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
7  elements: (1) that a right secured by the Constitution or laws of the United States
8  was violated, and (2) that the alleged violation was committed by a person acting
9  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

10  B.    Legal Claims

11  　　　In order to recover damages for allegedly unconstitutional conviction or
12  imprisonment, or for other harm caused by actions whose unlawfulness would
13  render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
14  conviction or sentence has been reversed on direct appeal, expunged by executive
15  order, declared invalid by a state tribunal authorized to make such determination,
16  or called into question by a federal court's issuance of a writ of habeas corpus.
17  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing
18  that relationship to a conviction or sentence that has not been so invalidated is not
19  cognizable under § 1983.  Id. at 487.

20  　　　When a state prisoner seeks damages in a § 1983 suit, the district court
21  must therefore consider whether a judgment in favor of the plaintiff would
22  necessarily imply the invalidity of his conviction or sentence; if it would, the
23  complaint must be dismissed unless the plaintiff can demonstrate that the
24  conviction or sentence has already been invalidated.  See id.

25  　　　Plaintiff's claims challenging/implicating the validity of his arrest,
26  prosecution and  conviction are barred under the rationale of Heck.  See Guerrero

28  　　　　　　　　　　　　2

v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). A judgment in favor of plaintiff in connection with these claims would imply the invalidity of a state conviction which has not already been invalidated. Plaintiff's claims challenging/implicating the validity of his arrest, prosecution and conviction fail to state a cognizable claim under § 1983 and (along with all corresponding defendants) must be DISMISSED without prejudice. See Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

Plaintiff's claim for use of excessive force during the course of his arrest may not necessarily imply the invalidity of the arrest or conviction and therefore may not be barred by Heck. See Guerrero, 442 F.3d at 703; Cabrera, 159 F.3d at 380; Smithart, 79 F.3d at 952-53. The claim will proceed against City of Santa Clara police officers Roy Gutierrez and Shawn Wynn. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986) (allegation of use of excessive force by law enforcement officer in effectuating an arrest states a valid claim under § 1983), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989).[1]

---

[1]The City of Santa Cara and its police department are dismissed because they cannot be held liable under § 1983 simply on the theory they are responsible for the actions or omissions of its employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). To impose municipal liability under § 1983 for a violation

3

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on City of Santa Clara police officers Roy Gutierrez and Shawn Wynn. This action will be limited to plaintiff's claim of excessive force during arrest against these two defendants. All other claims and defendants are dismissed.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

---

of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

4

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

  Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

    d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

/

    e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

  4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: Sept. 19, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.07\Lara, J1.or1.wpd